IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANNA HALL, § | |
| § | CIVIL ACTION: 3 13-CV-00406 |
| Plaintiff, § | |
| v. § | JUDGE: SDD |
| KENNY HABUL, § | |
| § | MAG. JUDGE: RLB |
| Defendant. § | |
| § | |

*************************************************************************

# ANSWER

Defendant Kenny Habul ("Habul") answers Plaintiff's Petition for Accounting ("Petition") as follows:

## FIRST DEFENSE

Plaintiff's Petition should be dismissed on the basis that it fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Petition should be dismissed on the basis that the Court lacks personal jurisdiction over the Defendant.

## THIRD DEFENSE

Habul responds to the numbered allegations of the Petition as follows:

Except as expressly admitted, Habul denies the allegations of Plaintiff's Petition.

1.  Habul admits that he is an individual of the full age of majority and is domiciled in Iredell County, North Carolina.  Except as expressly admitted, Habul denies the allegations of Paragraph 1.

2.	Denied.

3.	Denied

4.	Habul admits that, in or around 2002, Plaintiff became involved in Habul's project to develop a residential property in Sanctuary Cove, located in Gold Coast, State of Queensland, Australia, and entered into a development agreement with an Australian entity, Group Three Holdings, Pty, Ltd.  Except as expressly admitted, Habul denies the allegations of Paragraph 4.

5.	Habul admits that, in or around 2002, Plaintiff purchased a lot in a development known as Sanctuary Cove, located in Gold Coast, State of Queensland, Australia, and entered into a development agreement with an Australian entity, Group Three Holdings, Pty, Ltd, in connection with the development and resale of that property.  Habul further admits that Habul and Plaintiff were involved in developing a second residential property in Sanctuary Cove and that an Australian entity, Louisiana Development Pty Ltd., was formed in connection with the development and resale of that property.  Habul further responds that Group Three Holdings, LLC, a North Carolina limited liability company, purchased 10 acres of property in Cornelius, North Carolina for the purpose of potentially developing an environmentally green facility and a retirement community.  Habul further responds that Plaintiff obtained a loan, secured by property she owned in North Carolina, that was used for the purchase by Group Three Holdings, LLC of a parcel of property adjacent to the Cornelius property and that Group Three Holdings, LLC subsequently paid off that loan.   Except as expressly admitted, Habul denies the allegations of Paragraph 5.

6.	Denied.

7. Habul admits that Plaintiff has advanced certain funds to Habul or to entities in which Habul has an ownership interest. Habul further responds that Plaintiff has received funds from Habul and/or entities in which Habul has an ownership interest. Except as expressly admitted, Habul denies the allegations of Paragraph 7.

8. Habul admits that Plaintiff advanced funds to purchase the first Sanctuary Cove lot and that she obtained a construction loan, which was paid off when the house was sold. Except as expressly admitted, Habul denies the allegations of Paragraph 8.

9. Habul admits that Habul and Plaintiff agreed to use funds from the sale of the first lot in Sanctuary Cove for the purchase of a second lot in Sanctuary Cove by Louisiana Development Pty Ltd. Except as expressly admitted, Habul denies the allegations of Paragraph 9.

10. Habul admits that Group Three Holdings, LLC obtained a loan and purchased approximately ten acres of property in Cornelius, North Carolina for the purpose of potentially developing an environmentally green facility and a retirement community. Habul admits that Plaintiff provided certain funds that were used to pay this loan. Habul further admits that Plaintiff obtained a loan, secured by property she owned in North Carolina, for the purchase of a parcel of property adjacent to the Cornelius property, and that Group Three Holdings, LLC subsequently paid off that loan. Except as expressly admitted, Habul denies the allegations of Paragraph 10.

11. Habul admits that, upon information and belief, Plaintiff expressed her intent to move to North Carolina and that she purchased land in Mooresville, North Carolina. Habul denies that Plaintiff's purchase of the Mooresville property was in "furtherance of their

3

partnership and/or joint venture" or that Habul "decided" that Plaintiff would live there. Habul lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 11.

12. Habul admits Plaintiff provided certain funds individually to Habul. Except as expressly admitted, Habul denies the allegations of Paragraph 12.

13. Habul lacks knowledge or information sufficient to form a belief as to the amount of travel expenses Plaintiff incurred in connection with her involvement in the real estate project in Queensland, Australia or the potential project in Cornelius, North Carolina. Defendant denies the remaining allegations of Paragraph 13.

14. Habul admits that Plaintiff has received certain payments from him or other entities with which he is involved and that Habul or such entities made payments for the benefit of Plaintiff on a loan held by Plaintiff. Habul further responds that he is in the process of determining the amount of such payments. Except as expressly admitted, Habul denies the allegations of Paragraph 14.

15. The allegations of Paragraph 15 set forth legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

16. Defendant admits that he received an October 26, 2012 letter from Plaintiff's counsel, which is attached to the Petition as Exhibit A. Defendant further responds that the content of the letter speaks for itself.

17. Defendant admits that he responded to the October 26, 2012 letter from Plaintiff's counsel by email, the content of which speaks for itself. Except as expressly admitted, Defendant denies the allegations of Paragraph 17.

18.     Denied.

## FOURTH DEFENSE

Plaintiff's claim is barred in whole or in part by the statute of limitations.

## FIFTH DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrines of laches, estoppel and waiver.


WHEREFORE, Defendant respectfully prays that the Court:

(i)     Dismiss the Petition with prejudice and that the Plaintiff take nothing on her Petition.

(ii)    Tax the costs and attorneys' fees of this action against Plaintiff; and

(ii)    Award Defendant such other relief as the Court deems just and proper.


This 21st day of November, 2013.


        /s/ Michael W. McKay
        Michael W. McKay
        **STONE PIGMAN WALTHER WITTMANN LLC**
        One American Place, Suite 1150
        301 Main Street
        Baton Rouge, Louisiana 70825
        Telephone: (225) 490-5811
        Facsimile: (225) 490-5860
        mmckay@stonepigman.com

/s/ *Douglas M. Jarrell*
Douglas M. Jarrell.
**ROBINSON, BRADSHAW & HINSON**
101 North Tryon Street, Suite 1900
Charlotte, N.C. 28246-1900
Telephone: (704) 377-8309
Facsimile: (704) 373-3909
djarrell@rbh.com
*Admitted pro hac vice*

*Attorneys for Defendant Kenny Habul*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed today with the Clerk of the Court by using CM/ECF system, and the foregoing was additionally served on Plaintiff's counsel via U.S. First Class mail as follows:

>Van R. Mayhall, Jr.
>Jude C. Bursavich
>Sunny Mayhall Delacrois
>Breazeale, Sachse & Wilson, LLP
>301 Main Street, Suite 2300
>P.O. Box 3197
>Baton Rouge, Louisiana 70821-3197
>
>*Attorneys for Plaintiff*

This 21st day of November, 2013.

>/s/ Douglas M. Jarrell
>Michael W. McKay

3212706