# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JANNA HALL                                          CIVIL ACTION NO.

VERSUS                                               13-406-SDD-RLB

KENNY HABUL

## RULING

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim*[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the Defendant, Kenny Habul.  Plaintiff, Janna Hall has filed an *Opposition* to the motion[2] to which the Defendant filed a *Reply*.[3]  For the reasons which follow, the Defendant's motion is denied.

## I.      FACTUAL BACKGROUND

In 2001, Plaintiff and Defendant met in Las Vegas, Nevada.  Plaintiff alleges that beginning in 2002, Plaintiff and Defendant entered into a bi-continental real estate development partnership and/or joint venture whereby they jointly purchased real estate in Sanctuary Cove, Australia, and subsequently constructed homes thereon for resale.  Plaintiff and Defendant also purchased land surrounding Lake Norman, North Carolina "for the construction of environmentally green facilities and a retirement community."[4]  Plaintiff

---

[1] Rec. Doc. No. 40.

[2] Rec. Doc. No. 43.

[3] Rec. Doc. No. 44.

[4] Rec. Doc. No. 10,  ¶ 5.

alleges this partnership/joint venture continued until 2012.

During the course of this partnership/joint venture, Plaintiff contends she advanced to the Defendant substantial sums of money totaling approximately $1,963,000.00, which included a building loan and construction loan in Plaintiff's name for these projects. Plaintiff also contends she purchased land in Mooresville, North Carolina for the construction of her personal home because she and Defendant had agreed that, upon completion of the Lake Norman Retirement Community, Plaintiff would live near the facility and manage its daily operations. With this in mind, Plaintiff claims she paid approximately $655,000 for the land; however, a current contract for the purchase of this property is for a substantially reduced amount causing a loss to Plaintiff of approximately $250,000. Plaintiff also contends she advanced to the Defendant monies for his personal use in the amount of approximately $180,000, and she incurred substantial travel expenses in pursuit of this business venture in the amount of $21,000.

Plaintiff claims that, to date, she has received from Defendant approximately $662,080.00, which includes 50% of the profits resulting from only one of the Sanctuary Cove developments, reimbursement for the Defendant's use of funds designated by Plaintiff for her tax indebtedness, and a small repayment of one personal loan made to Defendant. Plaintiff further claims the Defendant has made several loan payments on the construction loan intended for building Plaintiff's personal home in North Carolina.

As partners and/or joint venturers in these real estate developments, Plaintiff argues the Defendant owes her a fiduciary duty to manage properly and account for funds. Plaintiff seeks a full accounting from the Defendant of the sources and uses of funds relating to her interests held in common between them, and amounts of loans made by the

Plaintiff to the Defendant and their shared enterprises. On October 26, 2012, Plaintiff sent Defendant a formal demand letter via certified mail to Defendant's address in North Carolina. Defendant responded to Plaintiff via email; however, Plaintiff contends his response was incomplete. Plaintiff argues in the alternative, that should the Court not find that a partnership or joint venture existed between Plaintiff and Defendant, then Plaintiff claims the monies advanced to the Defendant were loans for which she is entitled repayment with interest.

Plaintiff filed a *Petition for Accounting* against the Defendant in Louisiana state court.[5] The Defendant removed this case to federal court in June of 2013.[6] The Defendant moved to dismiss this case under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.[7] Viewing the facts in the light most favorable to the Plaintiff, the Court denied this motion and found that Plaintiff was entitled to an accounting from the Defendant.[8] The Defendant now moves pursuant to Rule 12(b)(6) to dismiss Plaintiff's claims for breach of fiduciary duty and unjust enrichment. The Court will address each of these claims below.

## II. LAW & ANALYSIS

### A. Motion to Dismiss under 12(b)(6)

A motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally

---

[5] Rec. Doc. No. 1-2.

[6] Rec. Doc. No. 1.

[7] Rec. Doc. No. 4.

[8] Rec. Doc. No. 26.

cognizable claim.[9]  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[10]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[11]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[12] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[13]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[15] and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[16]  "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

---

[9] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

[10] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5 th Cir.2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).

[12] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir.1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[14] *Id.* at 570.

[15] *Id.* at 555.

[16] *Id.*, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed.2004).

conclusions, and a formulaic recitation of the elements of a cause of action will not do."[17] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[18]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[21]

### B.    Breach of Fiduciary Duty

Under Louisiana law,[22] the essential elements of a breach of fiduciary duty claim are (1) the existence of a fiduciary duty on the part of the defendant; (2) an action taken by the defendant in violation of that duty; and (3) damages to the plaintiff as a result of that

---

[17] *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[18] *Id.* at 570.

[19] *Ashcroft v. Iqbal*, 556 U.S. at 663.

[20] *Id.* at 663-64.

[21] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009), quoting *Twombly,* 127 U.S. at 556. *See also In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir.2008).

[22] The Court will assume, as have the parties in their briefs, that Louisiana law applies to this action.  The Defendant has not argued that Louisiana law does not apply to these claims.

action.[23] "Fiduciary duties arise only in limited circumstances and only out of special legal relationships between the parties."[24] Louisiana Civil Code article 2809 provides that "a partner owes a fiduciary duty to the partnership and to his partners." The essential elements of a joint venture, which is alleged by the Plaintiff in this case, are the same as that of partnership under Louisiana law; thus, joint ventures are governed by the law of partnership.[25] Accordingly, "[t]here is a fiduciary duty between members of a joint venture similar to that which exists between partners in a partnership."[26] To this point, the Defendant has presented no argument challenging his relationship with Plaintiff as a partnership or joint venture; thus, the Court will determine this motion based on the allegations of the *Complaint* that the parties' relationship was a partnership or joint venture.

The Defendant moves to dismiss Plaintiff's breach of fiduciary duty claim with prejudice, arguing that Plaintiff has failed to allege any facts demonstrating how a fiduciary duty, if one existed, was violated. Defendant points to Plaintiff's *Amended Complaint*, which states: "...should the aforesaid accounting Plaintiff is entitled to demonstrate breach by Defendant of fiduciary duties owed to Plaintiff, Plaintiff is entitled to damages resulting from Defendant's breach."[27] Defendant contends that Plaintiff has failed to even allege that

---

[23] *Omnitech Int'l v. Clorox Co.*, 11 F.3d 1316, 1330 n. 20 (5th Cir. 1994). *See also Federal Sav & Loan Ins. Corp. v. Shelton*, 789 F.Supp. 1360, 1366 (M.D. La. 1992).

[24] *BP America Production Co. v. R.D. Briscoe, Inc.*, No. 08-cv-01895, 2010 WL 5125529, at *2 (W.D. La. Dec. 8, 2010).

[25] *White Haul Transport, Inc. v. Coastal Bridge Company, L.L.C.*, No. 06-1126, 2008 WL 2308858, at *4 (E.D. La. June 3, 2008), citing *Cajun Electric Power Cooperative, Inc. v. McNamara*, 452 So.2d 212, 215 (La. App. 1st Cir. 1984), *writ denied*, 458 So.2d 123 (La. 1984).

[26] *Id.*, citing *Moroux v. Toce*, 2006-831 (La. App. 3 Cir. 11/2/06), 943 So.2d 1263, 1271.

[27] Rec. Doc. No. 38, ¶ 21.

the Defendant actually violated a fiduciary duty, much less any facts to support such a claim. Thus, Defendant argues this claim fails as a matter of law.

Plaintiff acknowledges that she does not have any facts, on the current record, to support a breach of fiduciary duty; however, because of the nature of her right to an accounting, she contends she is entitled to preserve this claim should the accounting provide facts in support. Plaintiff relies on the reasoning in *Garcia v. Koch Oil Company of Texas, Inc.*[28] In *Garcia*, the issue before the court was whether the cost of the accounting to which the plaintiffs were entitled was to be considered in determining the amount in controversy for jurisdiction purposes. However, the Fifth Circuit recognized the distinct nature of a claim for an accounting:

> Our sister circuits have explained that an equitable accounting is simply a tool by which a plaintiff may shift the plaintiff's normal burden of discovery to the defendants. The Court of Appeals for the District of Columbia Circuit, for example, notes:
>
> > An accounting is a species of compulsory disclosure, predicated upon the assumption that **the party seeking relief does not have the means to determine how much—or, in fact, whether—any money properly his is being held by another**. The appropriate remedy, particularly where the determinations may be detailed and complex, is an order to account in a proceeding in which the burden of establishing the non-existence of money due to the plaintiff rests upon the defendant. **Because of the very nature of the remedy, that burden cannot rest upon plaintiff, but must shift to the defendant once facts giving rise to a duty to account have been alleged and admitted**.
>
> *Rosenak v. Poller*, 290 F.2d 748, 750 (D.C.Cir.1961); *see also Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir.1972) ("An accounting is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how

---

[28] 351 F.3d 636 (5th Cir. 2003).

much, if any, money is due him from another."). Thus the costs of producing the requested accounting are akin to the discovery costs incurred by the parties in every lawsuit. We hold that these "litigation costs" are simply not relevant to whether diversity jurisdiction exists under § 1332.  *See Ratliff v. Sears, Roebuck & Co.*, 911 F.Supp. 177, 179–80 (E.D.N.C.1995) (holding that a defendant's discovery costs are not part of the amount in controversy).[29]

Plaintiff points to this language and argues that, "in the event it is revealed through discovery and by Defendant providing the accounting, that Defendant has breached his fiduciary duties to Plaintiff and that Plaintiff's partnership and/or joint venture interest has been depleted then Plaintiff is entitled to damages resulting from the same."[30]  Further, Plaintiff contends that her allegations have put the Defendant on notice that a claim for breach of fiduciary duty may exist after completion of the accounting.

The nature of the claims involved here, based on the alleged (and unchallenged) relationship between the parties, do not warrant dismissal with prejudice.  The Court is guided by language from cases in the Eastern District of Louisiana where that court acknowledged allegations of a "possible breach of fiduciary duties."  Particularly, in *Dorsey v. Money Mack Music, Inc.*,[31]  where the defendant argued that the plaintiff had not alleged a breach of contract, the court noted as follows:

> This argument is correct in that the Petition does not explicitly pray for damages for breach of contract.  However, plaintiff does implicitly allege breach of contractual duties.  This implicit allegation pervades plaintiff's entire Petition, becoming glaringly apparent in plaintiff's request for an accounting as provided under contract and plaintiff's prayer for a judgment voiding all contracts "except oral contracts."  Furthermore, plaintiff expressly alleges the

---

[29] *Id.* at 641 (emphasis added).

[30] Rec. Doc. No. 43, p. 5.

[31] 304 F.Supp.2d 858 (E.D. La. 2003).

existence and possible breach of fiduciary duties.[32]

Similarly, in *Asunto v. Shoup*, the court held that the plaintiff had "expressly allege[d] the existence and possible breach of contractual and fiduciary duties."[33]  While the Court acknowledges that the issues being determined in the cases above were different than the primary issue before the Court in this motion, the Court is guided by the language that a plaintiff can allege a "possible" breach of a fiduciary duty.  Because the Court has already held that Plaintiff is entitled to an accounting in this matter, the Court finds that the burden is on the Defendant to show that no money is owed.  Furthermore, should the accounting not result in facts which support Plaintiff's breach of fiduciary duty claim, the Defendant may file the appropriate motion at that time.

Accordingly, the *Motion to Dismiss* Plaintiff's claim for a possible breach of fiduciary duty is DENIED.

**C.    Unjust Enrichment**

The Defendant has also moved to dismiss Plaintiff's claim for unjust enrichment, which Plaintiff contends she has alleged as an alternative theory of recovery.  Under Louisiana law,[34] there are five prerequisites to an unjust enrichment claim: (1) there must be an enrichment of the defendant; (2) there must be an impoverishment of the plaintiff; (3) there must be a connection between the enrichment and resulting impoverishment; (4) there must be an absence of justification or cause for the enrichment and impoverishment;

---

[32] *Id.* at 865.

[33] 132 F.Supp.2d 445, 452 (E.D. La. 2000).

[34] For purposes of this motion, the Defendant has "assumed, without conceding, that Louisiana law applies."  Rec. Doc. No. 40, p. 6, n 2.

and (5) the action will only be allowed when there is no other remedy at law., i.e., the action is subsidiary or corrective in nature.[35]

The Defendant contends that Plaintiff's unjust enrichment claim should be dismissed because she has failed to allege any facts that demonstrate an absence of "justification" or "cause."  The Defendant also contends that, in pleading unjust enrichment in the alternative, Plaintiff is required to plead alternative facts to support the cause of action. Defendant relies on the opinion in *Dorsey v. Northern Life Insurance Co.*[36] in making this argument.  However, *Dorsey* clearly involved written sales agreements between the parties which provided the justification or cause for the defendants' conduct and provided an adequate remedy at law with respect to the parties' obligations.[37] As there is no written contract between the Plaintiff and Defendant in the case before the Court, the Court finds *Dorsey* to be distinguishable and less applicable than the cases discussed below. Furthermore, while the Defendant cites cases by the Eastern District employing stricter standards for the alternative pleading of unjust enrichment claims, the Court is inclined to follow other sections of the Middle District of Louisiana in resolving this issue.

Notably, in *Property One, Inc. v. USAgencies, LLC*,[38] the defendants had relied on *Walters v. MedSouth Record Mgmt., L.L.C.*,[39] which held that negligence law provided the

---

[35] *Property One, Inc. v. USAgencies, LLC*, 830 F.Supp.2d 170, 175 (M.D. La. 2011)(citing *Minyard v. Curtis Products, Inc.*, 251 La. 624, 205 So.2d 422, 432 (1967)(codified in La. C.C. art. 2298)).

[36] No. Civ.A. 04-0342, 2005 WL 2036738 (E.D. La. Aug. 15, 2005).

[37] *Id.* at *22.

[38] *Supra* note 34.

[39] 38 So.3d 245, 246 (La. 2010).

unjust enrichment plaintiff with another legal remedy, even if the tort action had prescribed.[40]  In *Property One*, the defendants argued that *Walters* compelled dismissal of the unjust enrichment claim.  While the court noted the plaintiff's lack of legal authority in its argument, the court denied the motion to dismiss, holding that:

> Fed. Rule Civ. P. 8 provides for alternative pleading even if the alternative claims are pled inconsistently with other claims.  The liberality of the Federal Rules in allowing for alternative pleading, combined with the narrowness of the *Walters* holding, which only barred unjust enrichment claims from being plead alongside *tort* claims, as opposed to unpaid commission claims, permits this claim to survive dismissal.[41]

The liberality of Rule 8 was also recognized in *Richard v. Wal-Mart Stores, Inc.*,[42] where the defendants challenged the plaintiffs' alternative claims for unjust enrichment. The court held that Rule 8(e)(2) of the Federal Rules of Civil Procedure "permits alternative pleadings," and "Louisiana law clearly permits unjust enrichment to be pleaded in the alternative."[43]  Although the Court is aware that several federal district courts in Louisiana have ruled on both sides of this issue, under the facts of this case, the Court does not find that dismissal of Plaintiff's alternative claim of unjust enrichment is appropriate at this time. Clearly, should the Court find that a partnership/ joint venture existed between Plaintiff and Defendant, or that Plaintiff's payments to the Defendant constitute loan(s), then Plaintiff would have a remedy at law.  However, although the Defendant has not challenged either

---

[40] 830 F.Supp.2d at 175.

[41] *Id.*

[42] No. 2:06CV1452, 2007 WL 855357 (W.D. La. Mar. 16, 2007).

[43] *Id.* at *3, citing *Lehman v. Normand*, 2006 WL 3107778, 2006-0039 (La. App. 1 Cir. 11/3/06); *Carriere v. Bank of Louisiana*, 702 So.2d 648, 1996 WL 931634 (La. 12/13/96); *Holland v. Holland*, 539 So.2d 1011 (La. App. 4 Cir. 1989).

of these allegations by Plaintiff, he has made clear that he reserves his right to do so. Considering the procedural posture of the case, and in light of the applicable jurisprudence set forth above, the Defendant's motion to dismiss Plaintiff's unjust enrichment claim is also DENIED.

## III.    CONCLUSION

For the reasons set forth above, the Defendant's *Motion to Dismiss*[44] is DENIED.

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on <u>May 30, 2014</u>.


**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[44] Rec. Doc. No. 40.