UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANNA HALL | § | CIVIL ACTION NO. 3:13-CV-00406 |
| | § | |
| vs. | § | JUDGE SHELLY D. DICK |
| | § | |
| KENNY HABUL | § | MAG. JUDGE R. L. BOURGEOIS, JR. |

**JOINT STATUS REPORT**

Pursuant to the Court's January 30, 2015 Order, Plaintiff Janna Hall and Defendant Kenny Habul submit this Joint Status Report.

**I.      DISCOVERY COMPLETED AND REMAINING**

   **A.      Discovery completed or in progress**

   By Plaintiff: On June 23, 2014, Ms. Hall propounded to Mr. Habul her First Set of Interrogatories and her First Request for Production of Documents. Plaintiff contends that Mr. Habul provided only some responses to these discovery requests. Additionally, Ms. Hall noticed the deposition of Mr. Habul; however, she reserved the right to take his deposition after the Court's ruling on Ms. Hall's Motion for Partial Summary Judgment and will do so accordingly.

   By Defendant: On May 13, 2014, Defendant served Defendant's First Request for Production.  On May 16, 2014, Defendant served Defendant's First Set of Interrogatories and Second Request for Production of Documents.  Plaintiff provided responses, but Defendant contends that Plaintiff has not responded fully to certain discovery requests.

Defendant took the deposition of Ms. Hall on August 21, 2014 relating to the issues associated with her claim of accounting.

In addition, Defendant has engaged in third party discovery, serving subpoenas *duces tecum* on Pamela Frye (Plaintiff's accountant) on August 1, 2014 and on SunTrust Bank on August 5, 2014.

B.  **Continuance of Discovery Deadlines Pending Ruling on Summary Judgment Motions**

In the telephone status conference held August 18, 2014 [Rec.Doc. 58], both parties acknowledged that a continuation of the discovery-related deadlines active at that time would allow the parties and the Court to determine how the remainder of discovery could best proceed following a ruling on Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion"). Had Plaintiff's Motion [Rec.Doc. 49] been granted and Mr. Habul been ordered to provide the requested accounting, discovery might have been substantially narrowed. Magistrate Judge Bourgeois continued without date the discovery related deadlines and Plaintiff's counsel was instructed to notify the Court within seven days of a ruling on Plaintiff's Motion so that a new scheduling order could be issued. Id. [See Rec.Doc. 74].

Following the August 18, 2014 status conference, Defendant filed its Motion for Partial Summary Judgment ("Defendant's Motion") on Plaintiff's claim for an accounting.

In order to avoid potentially unnecessary expense, including the depositions of witnesses who are located in different states or out of the country, the parties have waited to complete further discovery that may be necessary for trial until receiving a ruling from the Court on the motions for summary judgment

On January 12, 2015, the Court denied Plaintiff's Motion and Defendant's Motion. [Rec.Doc.73] In the Order, the Court stated that Plaintiff's "right to an accounting is dependent upon the existence of an overall joint venture which must be resolved at trial."

C.  **Remaining Discovery**

Both parties intend to take depositions of fact witnesses who may be necessary for trial, including witnesses who are outside the jurisdiction of this Court. Plaintiff intends to take Mr. Habul's deposition as well as the depositions of three to five other witnesses as needed.

At the time that Defendant took Ms. Hall's deposition, Defendant contends Ms. Hall indicated that she did not have evidence to support other claims (such as breach of fiduciary duty). Defendant held open Ms. Hall's deposition pending the receipt of additional documents and resolution of certain discovery issues.

Defendant may seek additional time for the continuation of Ms. Hall's deposition to address any additional written discovery and any other claims that Plaintiff now intends to pursue, as described in Section III below.

Both parties may follow up on outstanding written discovery, if any, and/or submit additional written discovery.

Plaintiff has not yet determined whether she will offer expert testimony.

Defendant does not believe expert testimony will be necessary, but reserves his right to identify an expert in the event that Plaintiff chooses to do so.

## II.   PROPOSED SCHEDULING ORDER:

### A.   Proposed deadlines for discovery

1.   For completion of fact discovery:  *Up to and including* **May 29, 2015** *(4 months from 1/29 Status Conference).*

2.   Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

*Plaintiff: The Parties have not yet determined whether they will offer expert testimony. However, for the Court's convenience they will suggest the following expert discovery timeline.*

    Plaintiff: *Up to and including* **May 29, 2015** *(4 months from 1/29 Status Conference)*

    Defendant: *Up to and including* **June 29, 2015** *(5 months from 1/29 Status Conference)*

3.  Exchange of expert reports:

  Plaintiff(s): *The Parties have not yet determined whether they will offer expert testimony. However, for the Court's convenience they will suggest the following expert discovery timeline.*

    Plaintiff: *Up to and including* **July 29, 2015** *(6 months from 1/29 Status Conference)*

    Defendant: *Up to and including* **August 28, 2015** *(7 months from 1/29 Status Conference)*

4.  Completion of discovery from experts:

  Plaintiff: *The Parties have not yet determined whether they will offer expert testimony. However, for the Court's convenience they will suggest up to and including* **September 29, 2015** *(8 months from 1/29 Status Conference).*

5.  Filing dispositive motions and Daubert motions:

  Plaintiff: *Plaintiff proposes 1 month between the close of fact discovery and the filing of dispositive motions--up to and including* **July 29, 2015-** *or should the parties proceed with expert discovery approximately 1*

*month between the close of it and the filing of dispositive and Daubert motions- up to and including* **October 29, 2015. Plaintiff believes it will be necessary to file with the Court certain dispositive motions including, but not limited to, a motion in limine to determine the procedural process for preliminary issues and the trial and/or motion to bifurcate issues relative to the accounting claim.**

Defendant:  *In light of the Court's January 12, 2015 denial of both parties' motions for summary judgment, Defendant does not believe that further dispositive motions are necessary with regard to Plaintiff's accounting claim.  To the extent that Plaintiff intends to proceed with other claims at trial, however, Defendant may file dispositive motions with respect to those claims, as well as Daubert motions.*

B.  **Remaining deadlines**

The parties propose that all remaining deadlines and the pre-trial conference and trial date will be scheduled based upon the Court's standard parameters:

a.  Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

b.  Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

c.  Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motions deadline).

      d.      Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

      e.      Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

      f.      Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      g.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

## III. TRIAL

1. Has a demand for trial by jury been made?

      [ ] YES    [X] NO

2. Estimate the number of days that trial will require. *Three (3) to five (5) days*

3. Plaintiff's Request for a two-step trial:

Plaintiff's position: Plaintiff contends that a two-step trial process is indicated - the first trial to resolve whether an overall joint venture existed and whether Plaintiff is entitled to an accounting and the second trial to resolve Plaintiff's remaining claims. In the event the Court finds that an overall joint venture existed and Ms. Hall is entitled to an accounting, additional time will be required to examine the accounting produced and determine whether, based upon it, Ms. Hall is owed any monies from Mr. Habul. [See Rec.Doc. 38, p. 3, ¶¶ 20-21 alleging a claim for damages; See also Judge Dick's Ruling on Mr. Habul's Motion to Dismiss for Failure to State a Claim, Rec.Doc. 45, pp. 8-9]. On the other hand, in the event the Court finds that Ms. Hall is not entitled to an accounting, additional

time will be required so that trial can take place on Plaintiff's claims for fiduciary violations, loans and unjust enrichment. [See Rec.Doc. 38, p. 3, ¶¶ 20-23; See also Judge Dick's Ruling on Mr. Habul's Motion to Dismiss for Failure to State a Claim, Rec.Doc. 45]. Once trial is had on Ms. Hall's accounting claim and the outcome of whether Mr. Habul must account is known, then the second part of the process becomes whether that accounting shows assets or monies owed to Ms. Hall, possible breaches of Mr. Habul's fiduciary duties, whether Ms. Hall is entitled to repayment of loans made to Mr. Habul, or whether Ms. Hall is entitled to recovery pursuant to the doctrine of unjust enrichment. If Ms. Hall's claim for an accounting, claim for possible breach of fiduciary duties, claim for loans, and claim for unjust enrichment are tried all at once and Ms. Hall is granted the accounting, there will be no mechanism to seek the return of any assets or monies showed to be due when that accounting is eventually produced by Mr. Habul after trial. With that, a two-step trial process is suited for this case. Plaintiff believes the two step process will potentially reduce discovery costs and expenses, preserve the Court's time and promote fairness and efficiency in the disposition of the issues.

Defendants' Position: Defendant contends that Plaintiff should try all substantive claims for relief in a single trial. Plaintiff's proposal essentially states that if she loses on her claim for an accounting, she should get another trial to present the same evidence again in support of her alternative theories of relief. Although Plaintiff is entitled to plead alternative theories of relief, she must decide at trial

what claims she wants to pursue and present appropriate evidence. For example, under any of her theories of relief Plaintiff must prove what money she gave to Habul and present evidence about what her intentions were with how that money would be classified (i.e. as a loan or as a capital contribution to the alleged overall joint venture). There is no basis for Defendant to suffer the delay and expense of a second trial when most (if not all) of the factual issues overlap on all of Plaintiff's theories of relief. Judicial efficiency and fairness to Defendant require all of Plaintiff's theories of liability be tried in a single trial.

If the trial resulted in a ruling that some sort of an accounting is owed regarding profits and losses from the alleged overall joint venture, a second trial should be limited to any factual issues relating to damages arising from the accounting.

## IV.   SETTLEMENT

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    The parties have had limited communications regarding a potential settlement.

2. Do the parties wish to have a settlement conference:

    [X] YES    [ ] NO

If the answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

    Plaintiff: Once Ms. Hall has completed written discovery from Mr. Habul and has taken the deposition of Mr. Habul and other witnesses as need be, Ms. Hall believes a settlement conference would be beneficial.

Defendant:  Defendant is agreeable to participating in a settlement conference.

Report dated: 2/6/15

RESPECTFULLY SUBMITTED,

**BREAZEALE, SACHSE & WILSON, L.L.P**.
23rd Floor, One American Place
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 387-4000
Telecopier: (225) 381-8029


*/s/ Jude C. Bursavich*_____
Van R. Mayhall, Jr. (#9183)
Jude C. Bursavich (#19303)
Sunny Mayhall (#33968)
Attorneys for Petitioner, Janna Hall


**ROBINSON, BRADSHAW & HINSON**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile:  (704) 378-4000
*Admitted pro hac vice*


*s/Douglas M. Jarrell*_____
Douglas M. Jarrell
djarrell@rbh.com

Heyward H. Bouknight
hbouknight@rbh.com


**STONE PIGMAN WALTHER WITTMANN LLC**
One American Place, Suite 1150
310 Main Street
Baton Rouge, Louisiana 70825
Telephone: (225) 490-5811
Facsimile:  (225) 490-5860


*s/ Michael W. McKay*_____
Michael W. McKay
mmckay@stonepigman.com
Attorneys for Defendant Kenny Habul

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANNA HALL | § | CIVIL ACTION NO. 3:13-CV-00406 |
| | § | |
| vs. | § | JUDGE SHELLY D. DICK |
| | § | |
| KENNY HABUL | § | MAG. JUDGE R. L. BOURGEOIS, JR. |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing *Status Report* has this date been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

Baton Rouge, Louisiana, this 6th day of February, 2015.

*/s/ Jude C. Bursavich*
Jude C. Bursavich (#19303)

1247337.1