# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANNA HALL | CIVIL ACTION |
| VERSUS | NO. 13-406-SDD-RLB |
| KENNY HABUL | |

## ORDER

Before the court is Plaintiff's Motion to Compel (R. Doc. 97) filed on June 5, 2015. The motion is opposed. (R. Doc. 101). For the following reasons, Plaintiff's Motion to Compel is **DENIED**.

I.  **Background**

Jana Hall ("Plaintiff") alleges that she and Kenny Habul ("Defendant") entered into a real estate development partnership or joint venture from 2002 through 2012, and involved developments in Sanctuary Cove, Australia and North Carolina. (R. Doc. 1-2 at 8-9). Plaintiff alleges that she advanced approximately $1,963,000 to Defendant toward these developments but has only received approximately $662,080 in return. (R. Doc. 1-2 at 9-10). Plaintiff alleges that Defendant owes her a fiduciary duty and seeks a full accounting from Defendant of the sources and uses of funds relating to her interests held in common between them, and amounts of loans made by the Plaintiff to the Defendant and their shared enterprises. (R. Doc. 1-2 at 10).

The district judge has set a bench trial on the issue of whether Plaintiff is entitled to an accounting under Louisiana law to be held on August 31, 2015. (R. Docs. 82, 94). Non-expert discovery closed on July 1, 2015. (R. Doc. 96).

Sometime in 2014, Plaintiff propounded her First Request for Production of Documents on Defendant. Plaintiff sought in Request for Production Nos. 3 and 4, respectively, all

documents evidencing or relating to advances she made to Defendant from 2002-2012 and funds returned to Plaintiff as referenced in Defendant's Answers. (R. Doc. 97-2 at 3). Defendant responded on September 23, 2014, with several objections, but agreed to produce all responsive non-privileged documents in his possession. (R. Doc. 97-2 at 3). Plaintiff sought in Request No. 15 all documents "evidencing or relating to" Group Three Holdings, LLC ("Group Three"), "including but not limited to its members and managers, governance documents, purpose, assets and liabilities, subsidiary and/or related entities, and current status." (R. Doc. 97-2 at 9). Defendant agreed to produce all responsive non-privileged documents in its possession, with the exception that he would "not produce any documents relating to the assets or liabilities in Group Three Holdings, LLC or any development projects of Group Three Holdings, LLC other than" the Sanctuary Cove and North Carolina properties at issue. (R. Doc. 97-2 at 9).

In support of her motion, Plaintiff does not identify the date of the alleged Rule 37 conference, but alleges that it occurred at some point before he propounded his Second Request for Production of Documents. (R. Doc. 97-1 at 6). The record indicates that this conference occurred on April 21, 2015 (R. Doc. 101-4 at 2-3). Plaintiff represents that at this conference her counsel "specifically asked for documents relating to SunEnergy1 as none had been provided during discovery" and defense counsel responded that no information related to SunEnergy1, LLC ("Sun Energy1") would be provided on the basis of irrelevance. (R. Doc. 97-1 at 6).

On May 6, 2015, Plaintiff propounded her Second Request for Production, which requested copies of all income tax returns filed for the period of 2002-2013 by Defendant and various business entities, including Group Three and SunEnergy1. (R. Doc. 97-3).

On June 2, 2015, prior to the deadline for Defendant to respond to the Second Request for Production, Plaintiff filed the instant Motion to Compel. Plaintiff seeks an order requiring Defendant (1) to organize and label his responses to correspond with the requests; (2) to produce documents

2

pertaining to SunEnergy 1; and (3) to produce documents pertaining to Group Three. Plaintiff also seeks recovery of her reasonable expenses incurred in bringing the motion.

On June 8, 2015, Defendant responded to Plaintiff's Second Request for Production. (R. Doc. 101-3). Subject to several objections, including relevance, Defendant agreed to produce portions of tax returns for Group Three and Sun Energy1 referring "to Janna Hall or any of the three real estate projects referenced in the Complaint." (R. Doc. 101-3 at 3). Defendant refused, however, to provide any additional documents from SunEnergy1 until the U.S. District Court for the Western District of North Carolina has had an opportunity to address a Motion to Quash a Rule 45 subpoena served on SunEnergy1 by Plaintiff seeking the same documents. (R. Doc. 101-3 at 3).

On June 26, 2015, Defendant filed its Opposition to the instant motion. (R. Doc. 101). Defendant argues that the motion should be denied because (1) Plaintiff filed the motion before Defendant could respond to her Second Requests for Production; (2) Defendant has provided all responsive documents requested concerning her financial contributions to Defendant or the three real estate projects at issue; (3) Defendant has agreed to produce excerpts of tax returns referencing Plaintiff or the three projects at issue; and (4) Defendant has complied with Rule 34's requirements regarding the form of production. (R. Doc. 101 at 1-2). Defendant requests reasonable expenses incurred in responding to the motion.

## II.    Law and Analysis

### A.    Legal Standards

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not without limits, however, and the court may protect a party from responding to

3

discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(i).

Rules 34 provides a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

B.   **Rule 37(a) Conference**

The court must address, as a preliminary matter, whether prior to bringing her motion Plaintiff "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's counsel provides a certification stating "that, in an effort to obtain discovery without court action, he has in good faith conferred with counsel for Defendant, who has failed to

4

provide the discovery." (R. Doc. 97 at 4). Plaintiff's counsel does not identify the date and means of this conference. The record indicates that this conference occurred on April 21, 2015, weeks prior to the service of Plaintiff's Second Request for Production of Documents on May 6, 2015. (R. Doc. 97-1 at 6; R. Doc. 101-4 at 2-3).

Defendant argues that there could not have been any Rule 37(a) conference with regard to the Second Requests for Production because the instant motion was filed before the date on which Defendant had to respond to those requests. (R. Doc. 101 at 4). The court agrees. At most, counsel for both parties discussed on April 21, 2015 whether Defendant would provide information responsive to the First Request for Production of Documents Nos. 2, 3, and 15 related to SunEnergy1 and Group Three. (R. Doc. 97-1 at 6; R. Doc. 101-4 at 2-3).

Plaintiff's failure to conduct or attempt to conduct a proper Rule 37(a) conference prior to seeking the production of certain documents is grounds for denial. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-cv-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014). The court will not address the merits of Plaintiff's motion to compel documents responsive to her Second Request for Production, as the motion was filed before Defendant had time to respond. In addition, those discovery requests were served after the parties presumably held a Rule 37(a) conference, and thus Plaintiff could not have conferred in good faith to resolve a discovery dispute over properly issued discovery requests that had not yet been served. Plaintiff cannot seek relief from the court pursuant to Rule 37 when it has failed to comply first with Rule 34.

The court will proceed to the merits of Plaintiff's motion with regard to her First Request for Production. The court will also, however, consider Plaintiff's failure to conduct a proper Rule 37(a) conference regarding all aspects of her motion when determining whether to award reasonable expenses to either party.

5

### C. Plaintiff's First Request for Production Nos. 3 and 4

Plaintiff's First Request for Production Nos. 3 and 4, and the response to those requests for production provided by Defendant, are as follows:

**REQUEST FOR PRODUCTION NO. 3**

All documents evidencing or relating to advances that Plaintiff made to Defendant during the years 2002-2012 not otherwise provided pursuant to the above and foregoing requests for production of documents.

**REQUEST FOR PRODUCTION NO. 4**

All documents evidencing or relating to the funds that Defendant returned to Plaintiff as referenced in Defendant's Answer, including the Answer to the First Supplemental and Amending Complaint and Counterclaim.

**RESPONSE TO REQUESTS FOR PRODUCTION NO. 3 AND NO. 4**

Defendant objects to this response as overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks documents that are protected from discovery by the attorney-client privilege, the work produce doctrine, or the spousal privilege. Defendant further objects to the extent the requested information is in the hands of third parties, including banks, accountants, and lawyers to whom Plaintiff or her counsel can just as easily request the information from such third parties. Subject to and without waiving the foregoing objections, Defendant will produce any responsive nonprivileged documents in its possession including all documents Defendant has received from third parties.

(R. Doc. 97-2 at 3). Plaintiff represents that at some point after receiving this response her "counsel specifically asked for documents relating to SunEnergy1 as none had been provided during discovery." (R. Doc. 97-1 at 6). Plaintiff further represents that defense counsel "stated that they would provide no information relating to SunEnergy1 because counsel contends it is not relevant to Ms. Hall's claims against Habul." (R. Doc. 97-1 at 6).

On June 8, 2015, after Plaintiff filed the instant motion, defense counsel stated unequivocally that Defendant has produced all documents in his possession connecting SunEnergy1 and Group Three Holdings to the developments at issue:

> Based on your email below [concerning the Motion to Compel], I want to make sure you understand our position on the relevance of SunEnergy materials. Mr. Habul has not objected to producing any documents in his possession that evidence any financial contributions by Ms. Hall to SunEnergy – there simply are none. Similarly, Mr. Habul has not objected to providing any documents in his possession that evidence any connection between SunEnergy and any of the three real estate projects in the Complaint – the few that exist, have been produced. Although I don't believe Ms. Hall has ever raised any questions about materials relating to Group Three Holdings, our position is the same regarding that company as well.
>
> In other words, and as previously stated, Mr. Habul has produced all responsive documents in his possession. We hereby reiterate our request that Ms. Hall identify specific categories of documents responsive to the pending discovery requests that Ms. Hall feels are missing. We would be glad to meet and confer about any such documents.

(R. Doc. 101-4 at 2).

Based on the foregoing, including Defendant's representation that he has produced all responsive documents, the court concludes that Defendant has fully responded to Plaintiff's First Request for Production Nos. 3 and 4.

### D. Plaintiff's First Request for Production No. 15

Plaintiff's First Request for Production No. 15, and the response to this request for production provided by Defendant, is as follows:

**REQUEST FOR PRODUCTION NO. 15**

All documents evidencing or relating to Group Three Holdings, LLC referenced in Defendant's Answer, including the Answer to the First Supplemental and Amending Complaint and Counterclaim, including but not limited to its members and managers, governance documents, purpose, assets and liabilities, subsidiary and/or related entities, and current status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Defendant objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. There is no basis to require Defendant produce documents relating to the company's assets and liabilities or about its involvement in any developments projects of Group Three Holdings, LLC other than the North Carolina Properties, Sanctuary Cove One, or Sanctuary Cove Two. Defendant objects to this request as ambiguous and vague, but will assume the request seeks production of documents relating to Group Three Holdings, LLC. Defendant objects to this request to the extent it seeks documents that are protected

7

> from discovery by the attorney-client privilege, the work product doctrine, or the espousal privilege. Defendant further objects to the extent the requested information in the hands of third parties including banks, accountants, and lawyers to whom Plaintiff has equal access to and equal ability to request information from and the burned of locating this information is substantially the same for Plaintiff as for Defendant because Plaintiff or her counsel can just as easily request the information from third parties. Subject to and without waiving the foregoing objections, Defendant will produce any responsive, nonprivileged documents in its possession including all document Defendant has received from third parties, but Defendant will not produce any documents relating to the assets or liabilities in Group Three Holdings, LLC or any development projects of Group Three Holdings, LLC other than the North Carolina Properties, Sanctuary Cove One or Sanctuary Cove Two.

(R. Doc. 97-2 at 9).

Through Request for Production No. 15, Plaintiff seeks the financial and general business documents related to Group Three. This request is overly broad as stated, as a complete response would require the production of virtually every financial and business document created by Group Three throughout its existence without regard to any connection to Plaintiff's claims or the developments at issue. The court, therefore, sustains Defendant's objections on the basis of the request being overly broad. Furthermore, to the extent the request seeks potentially relevant information regarding Plaintiff's contributions to Group Three, those documents would have been provided by Defendant in response to Request for Production Nos. 3 and 4.

Based on the foregoing, Defendant need not respond any further to Plaintiff's First Request for Production No. 15.

### E. Plaintiff's Second Request for Production

Plaintiff's Second Request for Production seeks the production of income tax returns and attachments filed for the period of 2002-2013 for Defendant and various other entities, including SunEnergy1 and Group Three. (R. Doc. 97-3). Although the court will not decide on the merits whether Defendant has fully responded to Plaintiff's Second Request for Production due to a failure to confer, the court notes that Defendant has agreed to produce all portions of the tax records for SunEnergy1 and Group Three "that refer[] to Janna Hall or any of the three real estate projects

8

referenced in the Complaint." (R. Doc. 101-3 at 3). Plaintiff has therefore received the non-objectionable materials requested. As of the date of this Order, non-expert discovery is now closed.

### F. Form of Defendant's Productions

Plaintiff further requests that the court order Defendant to produce his documents in accordance with Rule 34(b)(2)(E)(i), which provides that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Plaintiff acknowledges that the documents produced by Defendant have been Bates labeled, but nevertheless asserts that the production violates Rule 34 as the documents have not been organized and labeled to correspond to the categories in her Requests for Production. (R. Doc. 97-1 at 5).

Without more information regarding the nature of the production, and any discussions between the parties regarding the form of production, the court cannot conclude that the production violates Rule 34(b)(2)(E)(i). Plaintiff does not state whether the produced documents consist of electronically stored information, scanned paper documents, or some combination of the two. Furthermore, Plaintiff does not assert whether and why she believes the documents were not produced as they are kept in the usual course of business, an option expressly allowed by Rule 34(b)(2)(E)(i). In opposition, Defendant asserts that he has produced documents as they are kept in the usual course of business. (R. Doc. 101 at 11). While this is simply a conclusory statement by Defendant's attorney, there is nothing in the record to refute it. *See Rapp v. Maxim Healthcare Servs., Inc.*, No. 13-cv-51, 2014 WL 5341872, at *2 (E.D. Tex. Sept. 30, 2014) ("Plaintiff has failed to show that these documents were not produced as they are kept in the

9

usual course of business as Defendant contends. Nothing in the Federal Rules of Civil Procedure otherwise requires Defendant to categorize and organize the documents.").[1]

In light of the record that has been presented, the court concludes that Defendant has sufficiently complied with Rule 34(b)(2)(E)(i).[2]

**G.      Expenses**

"If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The court must not order this payment, however, "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

The court finds that, although ultimately denied, Plaintiff's motion to compel was substantially justified. While prematurely filed with respect to her Second Request for Production, the motion sought, in good faith, to compel the production of documents relevant to the claims and defenses in this action based on Defendant's responses and objections. Only after Plaintiff filed her motion did Defendant unequivocally represent that he had provided all non-privileged documents in his possession responsive to Plaintiff's First Requests for Production Nos. 3 and 4. Because the motion was substantially justified, the parties shall bear their own costs.

---

[1] Plaintiff's reliance on *Ecoproducts Solutions, LP. v. Cajun Constructors, Inc.*, No. 07-cv-126, 2009 WL 1383308 (M.D. La. May 15, 2009) is misplaced. In that decision, the court determined that the producing party did not meet the requirements of Rule 34(b)(2)(E)(i) where it randomly placed documents, including irrelevant information such as "hundreds of pages of Bible verses," on a CD and were clearly not produced as they were kept in the usual course of business. *See id*. at *1, 3.

[2] Defendant indicates that Plaintiff's own document production on June 29, 2014 was not organized and labeled to respond to each category of documents requested. (R. Doc. 101 at 11). Defendant has offered to organize and label his responses if Plaintiff does the same with her responses (R. Doc. 101-4 at 2), but had not received a response on this request at the time he filed his Opposition. (R. Doc. 101 at 11-12).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 97) is **DENIED**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on July 6, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**